

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable H. Pat Edwards
Civil District Attorney
Records Building
Dallas County
Dallas, Texas

Attention: Mr. Warren S. Cook

Dear Sir:

Opinion No. O-5881
Re: Authority of the Tax Assessor and Collector to issue a voter a duplicate poll tax receipt, or a certificate that a person has previously paid his poll tax; and related subjects.

We acknowledge the receipt of your letter of February 28, 1944, in which you ask the department's opinion on the following questions:

"(1) Is the Tax Assessor and Collector authorized to issue to a voter a duplicate poll tax receipt?

"(2) Is the Tax Assessor and Collector authorized to issue certificates certifying that a person has previously paid his poll tax on a certain date?

"(3) May an elector who has paid his poll tax and has had a poll tax receipt issued to him vote in person at the regular polls or by absentee ballot by presenting to the proper person a duplicate poll tax receipt or a certificate issued by the Tax Assessor and Collector certifying that said elector has paid his poll tax on a certain date?

"(4) May an elector who is exempted from paying his poll tax and has been issued an exemption certificate vote at an election held, by absentee ballot or in person by presenting to the proper person a certificate issued by the Tax Assessor and Collector certifying that said person is exempted from paying a poll tax and an exemption certificate has previously been issued to him?"

Texas Constitution, Article VI, Section 2, provides:

". . . .that any voter who is subject to pay a poll tax
under the laws of the State of Texas shall have paid said
tax before offering to vote at any election in this State
and hold a receipt showing that said poll tax was paid before
the first day of February next preceding such election.  Or
if said voter shall have lost or misplaced said tax receipt,
he or she, as the case may be, shall be entitled to vote
upon making affidavit before any officer authorized to adminis-
ter oaths that such tax receipt has been lost.  Such affidavit
shall be made in writing and left with the judge of the
election.  ....  And this provision of the Constitution shall
be self-enacting without the necessity of further legislation.
. . . ."

Article VI, Section 4, of the Constitution empowers the Legisla-
ture to make "regulations as may be necessary to detect and punish
fraud and preserve the purity of the ballot box and the Legislature
may provide by law for the registration of all voters in all cities
containing a population of ten thousand inhabitants or more."

In 1904 our Supreme Court in Stinson v. Gardner, 97 Tex. 292,
78 S. W. 492, construing the words "hold a receipt" said:

"It might be inferred from the latter part of the quotation
that it was intended the voter should have his poll-tax receipt
at the place where he voted, but there is no provision in
the Constitution which requires that the receipt shall be
exhibited at the time of voting.  It only requires the voter
shall hold his receipt that is, that he shall have procured and
have possession of the receipt, and, if it has been lost,
then, in order to vote, he must make the affidavit which the
law requires.  ..."

The following year (1905) the Terrell-Election Law was passed.
This law was a general overhauling of our election laws.  Section 66
of the Terrell Election Law (Acts 1st C. S. 1905, p. 533 is Article
3004, R. S., 1925.  Stinson v. Gardner, supra, was decided under a
prior form of the statute requiring only that the voter have a receipt.
Article 3004, which superseded the cited quotation from that case, is
as follows:

"No citizen shall be permitted to vote, unless he first
presents to the judge of election his poll tax receipt or
certificate of exemption issued to him before the first day
of February of the year in which he offers to vote, except
as otherwise permitted in this title, unless the same has
been lost or mislaid, or left at home, in which event he
shall make an affidavit of that fact, which shall be left
with the judges and sent by them with the returns of the
election; provided, that, if since he obtained his receipt

or certificate he removes from the precinct or county of
his residence, he may vote on complying with other pro-
visions of this title."

Other election statutes, material to the questions under discus-
sion, are:

Article 2955, as amended 1941, provides:

"... any voter ...subject to pay a poll tax under the
laws of this State, shall ... before offering to vote at
any election in this State ... (hold) ... a receipt show-
ing that said poll tax was paid before the first day of
February next preceding such election; ... If said voter
is exempt from paying s poll tax and resides in a city of
10,000 inhabitants or more, he or she must procure a cer-
tificate showing his or her exemptions. ... If such
voter shall have lost or misplaced said tax receipt, he
or she shall be entitled to vote upon making and leaving
with  the judge of the election an affidavit that such
tax was paid by him or her, or by his wife or by her
husband before said first day of February next preceding
such election at which he or she offers to vote, and
that said receipt has been lost or misplaced. .... The
provisions of this Article as to casting ballots shall
apply to all elections including general, special, and
primary elections; provided that a city poll tax shall
not be required to vote in any election in this State
except in city elections."

Article 2956, in part, is as follows:

"Subdivision 1.  Any qualified elector of this State
who is absent from the county of his residence, or be-
cause of sickness or physical disability can not appear‚
at the poll place in the election precinct of his resi-
dence, on the day of holding any general, special, or
primary election, may, nevertheless, cause his vote to
be cast at such election in the precinct of his residence
by compliance with one or other of the methods herein-
after provided for absentee voting.

"Subdivision 2.  Such elector shall make application
for an official ballot to the county clerk in writing
signed by the elector, or by a witness at the direction
of said elector in case of latter's  inability to make
such written application because of physical disability.
Such application shall be  accompanied by the poll tax
receipt or exemption certificate of the elector, or, in
lieu thereof, his affidavit in writing that same has been
lost or mislaid.   ...

" . . . .    o

"Subdivision 8.  The county clerk shall post at a con-
spicuous place in his office, for public inspection, a
complete list of those to whom ballots have been deliver-
ed or sent out under this Article, stating thereon the
elector's name, age, occupation, precinct of residence
and poll tax number or exemption certificate number, and
the date on which ballot was delivered or mailed which
list shall be kept up from day to day.  The applications,
poll tax receipts, exemption certificates, or affidavits
of loss thereof, shall also be open to public inspection
at regular office hours, but under such reasonable rules
and regulations as the county clerk may adopt to safe-
guard the same and to reasonably economize his own time
while they are in his keeping.

" . . . .    o

Article 2959, stipulates that "the person when he pays it (the
poll tax) shall be entitled to his poll tax receipt."

Article 2968:  "Exemption certificates of persons
residing in a city 10,000 or more.

"In the event of loss of certificate of exemption
the voter may secure a reissue under his old number,
by making affidavit of such loss before the County
Tax Collector."

Article 2968a. -Exemption certificates to persons not subject to
the disqualifications set out in Article 2954,

"...who (do) not reside in a city of ten thousand in-
habitants or more, and who is exempt from the payment
of a poll tax by reason of the fact that he or she has
not yet reached the age of twenty-one years on the first
day of January preceding the levy, or who is exempt from
the payment of a poll tax because he or she was not a
resident of the State on the first day of January pre-
ceding the levy, but who shall have since become eligible
to vote by reason of length of residence or age, shall,
on or before the thirty-first day of January of the year
in which he or she offers to vote, obtain from the As-
sessor and Collector of Taxes for the county of his or
her residence a certificate of exemption from the pay-
ment of a poll tax, and no such person who has failed
or refused to obtain such certificate of exemption from
the payment of a poll tax shall be allowed to vote.  ...

"In the event the exempted voter holding certificate under this Article shall remove from the county in which he resided when same was issued, to another county in this State, he shall be required to present his certificate of exemption to the Assessor and Collector of taxes of the county of his new residence for reissue of registration and endorsement at least twenty days before any election at which he expects to vote.

"In the event of the loss of certificate of exemption, the voter may secure a reissue under his old number by making affidavit of such loss before the County Tax Assessor and Collector."

Penal Code, Article 216, reads:

"Any judge of an election or primary who wilfully permits a person to vote, whose name does not appear on the list of qualified voters of the precinct and who fails to present his poll tax receipt or certificate of exemption or make affidavit of its loss of misplacement or inadvertently left at home, except in cases where no certificate of exemption or tax receipt is required, shall be fined not exceeding five hundred dollars."

Penal Code, Article 217, provides that:

"Any judge of any election who shall refuse to receive the vote of any qualified elector who, when his vote is objected to shows by his own oath that he is entitled to vote, or who shall refuse to deliver an official ballot to one entitled to vote under the law, or who shall wilfully refuse to receive a ballot after one entitled to vote has legally folded and returned same, shall be fined not to exceed five hundred dollars."

Penal Code, Article 232, is as follows:

"If any person knowing himself not to be a qualified voter, shall at any election vote for or against any officer to be then chosen, or for or against any proposition to be determined by said election, he shall be confined in the penitentiary not less than two nor more than five years."

We answer your questions respectively as follows:

First question: The statutes, Articles 2968 and 2968a, authorize the tax assessor and collector to re-issue a certificate of exemption when the original has been lost, but we have been unable to find

any statute authorizing that officer to issue a duplicate poll tax receipt.

We therefore answer this question in the negative.

Second question:  We are not prepared to say that a tax assessor and collector is without authority to issue a certificate, such as is described in this question, which may be used for some purpose, but, it is our opinion that the provisions of the pertinent statutes quoted above make it obvious that such a certificate may not be used for voting purposes.  In other words, such certificates are not recognized by our election laws.

Third question:  In view of our answers to your first and second questions, it is not necessary to answer this question.

Fourth question:  We have in answer to your first question called your attention to the statutes authorizing the tax assessor and collector to re-issue a certificate of exemption.  However, there is no statute authorizing such officer to issue such a certificate as is described in this question, and if such a certificate were issued, it is not one recognized by our election laws.  We therefore answer this question in the negative.

Trusting that the foregoing fully answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS


By  s/David Wuntch
            David Wuntch
            Assistant


DW:db:wc


APPROVED APRIL 18, 1944
  s/Geo. P. Blackburn
ATTORNEY GENERAL OF TEXAS  (acting)

Approved Opinion Committee By_BWB_Chairman